IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| FINRA PENSION/401(k) PLAN COMMITTEE )<br>9509 Key West Ave )<br>Rockville, MD 20850 )<br> )<br>    *Interpleader-Plaintiff*, )<br> )<br>v. )<br> )<br>NAPOLEON ROOSEVELT LIGHTNING )<br>5643 Hampton Street )<br>Pittsburgh, PA 15206, )<br> )<br>TYRENE HUFF )<br>3651 Lenox Road, NE, Unit 1064 )<br>Atlanta, GA 30305, )<br> )<br>LENORA FRAZIER )<br>5050 Laguna Blvd., #112-495 )<br>Elk Grove, CA 95758, )<br> )<br>TANJANICKIA LIGHTNING )<br>8007 Millstone Ct. )<br>Severn, MD 21144, )<br> )<br>SHERRY PHILLIPS )<br>6928 S. Cornell Ave., Apt. 1 )<br>Chicago, IL 60649, )<br> )<br>TYLER HUFF )<br>1607 Sweet Blossom Trail )<br>Lawrenceville, GA 30043, )<br> )<br>PAIGE PHILLIPS )<br>800 Penn Ave., Apt. 601 )<br>Pittsburgh, PA 15222, )<br> )<br>X'ZAVIER LIGHTNING )<br>8007 Millstone Ct. )<br>Severn, MD 21144, )<br> )<br>NAPOLEON LLOYD LIGHTNING )<br>5643 Hampton Street )<br>Pittsburgh, PA 15206, ) | Case No. 1:23-cv-2336 |

1

|  |  |
|---|---|
| **SIDNEY LIGHTNING**<br>5643 Hampton Street<br>Pittsburgh, PA 15206,<br><br>    *Interpleader-Defendants.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

# COMPLAINT FOR INTERPLEADER

Plaintiff FINRA Pension/401(k) Plan Committee, by and through its attorneys, brings this interpleader action against Defendants for the purpose of adjudicating the manner in which certain retirement plan benefits should be distributed following the death of former FINRA employee Anita Lightning ("Anita"). In support of this Complaint for Interpleader, Plaintiff avers as follows:

## PARTIES

1. Plaintiff FINRA Pension/401(k) Plan Committee ("Plaintiff" or the "Committee") is the plan administrator and named fiduciary of the FINRA Employees Retirement Plan (the "Plan"), as those terms are defined by the Employee Retirement Income Security Act of 1974, as amended ("ERISA").

2. The Plan is a pension plan subject to and covered by ERISA. A true and correct copy of the Plan, excluding tables and exhibits, is attached as Exhibit 1. The Plan is administered at 9509 Key West Avenue, Rockville, Maryland.

3. Defendant Napoleon Roosevelt Lightning ("Napoleon R.") is a brother to Anita, and a resident and citizen of Pennsylvania.

4. Defendant Tyrene Huff ("Tyrene") is a sister to Anita, and a resident and citizen of Georgia.

5. Defendant Lenora Frazier ("Lenora") is a sister to Anita, and a resident and citizen of California.

2

6. Napoleon R., Tyrene, and Lenora are collectively referred hereinafter as the "Siblings".

7. Defendant Tanjanickia Lightning ("Tanja") is a niece of Anita, and a resident and citizen of Maryland.

8. Defendant Sherry Phillips ("Sherry") is a niece of Anita, and a resident and citizen of Illinois.

9. Defendant Tyler Huff ("Tyler") is a nephew of Anita, and a resident and citizen of Georgia.

10. Defendant Paige Phillips ("Paige") is a niece of Anita, and a resident and citizen of Pennsylvania.

11. Defendant X'Zavier Lightning ("X'Zavier") is a nephew of Anita, and a resident and citizen of Maryland.

12. Napoleon Lloyd Lightning ("Napoleon L.") is a nephew of Anita, and a resident and citizen of Pennsylvania.

13. Sidney Lightning ("Sidney") is a niece of Anita, and a resident and citizen of Pennsylvania.

14. Tanja, Sherry, Tyler, Paige, X'Zavier, Napoleon L., and Sidney are collectively referred hereinafter as the "Nieces/Nephews".

**JURISDICTION AND VENUE**

15. This is an interpleader action brought under the authority of Rule 22 of the Federal Rules of Civil Procedure ("Rule 22") regarding benefits due pursuant to an ERISA retirement plan.

16. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as the claim arises under ERISA, 29 U.S.C. § 1132.

17.     Venue is appropriate in this Court under 29 U.S.C. § 1132(e)(2) because the Plan is administered in Rockville, Maryland.

18.     Because ERISA provides for national service of process, personal jurisdiction exists over each Defendant that is properly served with process in the United States.

## FACTS

### *The Plan*

19.     The Plan provides certain retirement benefits for eligible Participants who retire from employment with the Financial Industry Regulatory Authority ("FINRA"). For a Participant who retires before the age of 65, the Participant has the option of receiving benefits immediately or deferring those benefits until they reach the age of 65.

20.     The Plan provides that if "a [formerly employed vested] Participant should die prior to the commencement of his retirement benefits, the Beneficiary of such a Participant shall receive benefits (in the form provided under Section 6.02) equal to one hundred percent (100%) of the Actuarial Equivalent of the deceased Participant's monthly retirement benefit determined as of the date of his death." *See* Exhibit 1, § 6.01.

21.     The Plan further provides that the above death benefits are paid to the Beneficiaries whom the Participant designates on the "form and medium prescribed by the Committee." Exhibit 1, § 1.06. In the absence of an effective designation, or if all designated persons predecease the Participant, the Beneficiary is the Participant's surviving spouse or domestic partner; if none exist, the Beneficiary is the Participant's estate. *See id.*

22.     The Beneficiary Designation form allows for Participants to designate as many Beneficiaries as the Participant wishes. It also allows the Participant to designate "contingent

beneficiaries" who will only receive benefits in the event the Beneficiaries are not living at the time of distribution.

  23. The Beneficiary Designation form states at the top:

> Use this form to designate your beneficiary(ies) for the FINRA Employees Retirement Plan. Any benefit payable will be split equally among the beneficiaries listed. <u>Once you make your beneficiary designation, you must sign and date this form in the Participant Signature section</u>. If you are married and designate someone other than solely your spouse, your spouse must sign the Consent of Spouse section in the presence of a Notary Public. If you need more space, make a copy of this Beneficiary Designation section, complete it, and attach it to this form.

<u>Exhibit 2</u> (emphasis added).

  24. Above the signature block, the form states:

> My signature below certifies that:
>
> - I have elected the beneficiary designation(s) specified on this form for the Preretirement Survivor Annuity under the FINRA Employees Retirement Plan.
> - I understand I have a right to designate a beneficiary other than my spouse, if applicable, and my spouse has the right to consent or not to such designation.
> - l understand I may redesignate my spouse, if applicable, as my beneficiary or with my spouse's consent, change my beneficiary.

*Id.*

  25. Consistent with the language on the Beneficiary Designation form, the Committee had adopted an administrative procedure requiring all Beneficiary Designation forms be signed by either: (i) the Participant; or (ii) another individual who has been authorized in writing by the Participant to complete the Beneficiary Designation form on such participant's behalf.

  26. The Committee has established the FINRA Pension Center to provide administrative support for the Plan and its Participants.

  27. The Plan provides the Committee with complete discretion to decide questions regarding the operation of the Plan:

> With respect to the powers and duties of the Committee under this Plan, the Committee shall, to the maximum extent permitted by law, have complete discretion and to the maximum extent permitted by law, its decisions shall be binding, final, and conclusive upon all parties. In this connection, the Committee shall have the power to decide any question which may arise as to the operation of the Plan (including without limitation the power to find facts), as to Employee and Participant coverage, as to eligibility for benefits under the Plan, and as to any matter whatsoever which may arise in connection with this Plan. The Committee, however, shall exercise its discretion in a nondiscriminatory manner and in a manner consistent with the terms of the Plan and with applicable law.

Exhibit 1, § 11.10.

### *The Beneficiary Designation Forms*

28. Anita is a former employee of FINRA who was a Participant in the Plan.

29. Anita retired from employment with FINRA on December 31, 2018. At the time of her retirement, Anita had a fully vested interest in her retirement benefits and was less than 65 years old.

30. Shortly after her retirement, on January 8, 2019, the FINRA Pension Center received a call from Anita, in which Anita indicated she wanted to defer the start of her retirement benefits. During the call, Anita requested a Beneficiary Designation form, which was subsequently provided to her.

31. In February 2019, the FINRA Pension Center received a Beneficiary Designation form from Anita dated February 10, 2019 (the "2019 Designation Form"), which designated each of the Siblings as 33% Beneficiaries, and three of the Nieces/Nephews (Tanja, Sherry, and Tyler) as contingent beneficiaries:

| Primary Beneficiary Name | Social Security Number | Relationship | Percentage |
|---|---|---|---|
| 1. Tyrene Huff | ███ | sister | 33.33% |
| 2. Lenora B. Frazier | ███ | sister | 33.33% |
| 3. Napoleon R. Lightning | ███ | brother | 33.33% |
| 4. | | | |

| Contingent Beneficiary Name | | Relationship | Percentage |
|---|---|---|---|
| 1. Tanjanickia C. Lightning | ███ | niece | 33.33% |
| 2. Sherry Phillips | ███ | niece | 33.33% |
| 3. Tyler Huff | ███ | niece | 33.33% |
| 4. | | | |

See Exhibit 2.

32. The 2019 Designation Form was signed by Anita:



Signature of Participant       Date 2/10/19

*Id.*

33. In November 2021, Anita called the FINRA Pension Center and requested paperwork to begin receiving her retirement benefit. However, on February 2, 2022, Anita called the FINRA Pension Center and indicated she no longer wished to go forward with commencing her retirement benefits, and instead wished to continue deferring those benefits.

34. The following day, on February 3, 2022, Anita called again and indicated she wanted to designate beneficiaries, apparently initially believing she had not already done so. The representative with whom she spoke informed Anita of the three primary beneficiaries and three contingent beneficiaries already named on the 2019 Designation Form. Anita responded that she would like to make changes and requested a new Beneficiary Designation form be provided to her. A blank Beneficiary Designation form was thereafter sent to her.

35. On May 20, 2022, Anita requested another blank Beneficiary Designation form. Another blank Beneficiary Designation form was thereafter sent to her.

36.     In June 2022, the FINRA Pension Center received a completed Beneficiary Designation form dated June 6, 2022 (the "2022 Designation Form").  Exhibit 3.  The 2022 Designation Form listed all ten (10) of the Defendants, including each of the Siblings and each of the Nieces/Nephews.  The form indicated that each one of the beneficiaries was to receive an equal 10% share of the benefits:



*Id.*

37.     The 2022 Designation Form appeared to have a different signature than the 2019 Designation Form, and the signature did not contain Anita's entire last name, but rather only the initial "L.":



*Id.*

38. On August 19, 2022, Tyrene called the FINRA Pension Center and represented that Anita had designated and authorized Tyrene to serve as her power-of-attorney under the terms of a written Durable Financial Power of Attorney signed April 2, 2018. A copy of that document is appended hereto as Exhibit 4. Tyrene further stated that the 2022 Designation Form was signed by a niece of Anita – not by Anita herself. Tyrene also represented that the niece did not have a signed power-of-attorney authorization from Anita to complete such a form.

***The Passing of Anita and the Subsequent Claims for Death Benefits.***

39. Anita passed away on September 10, 2022.

40. At the time of her death, Anita had not received any portion of her retirement benefits from the Plan, meaning that under the terms of the Plan, Anita's Beneficiaries were entitled to death benefits (the "Death Benefits").

41. On September 14, 2022, Tanja called the FINRA Pension Center. Among other things, during the call, Tanja confirmed that Anita had not personally signed the 2022 Designation Form, and stated that Tanja instead had signed that form on Anita's behalf.

42. Because the 2022 Designation Form was not signed by Anita or someone with written authorization to sign on her behalf, on December 5, 2022, each of the Nieces/Nephews were notified that they were not eligible for any distribution of the Death Benefits. Exhibit 5.

43. On January 11, 2023, Tanja faxed a claim for a portion of the Death Benefits and asked for reconsideration of the above decision. *See* Exhibit 6. In her letter, Tanja again acknowledged that she, and not Anita, had signed the 2022 Designation Form but she contended that she did so at Anita's verbal request. Tanja's claim also contained statements from witnesses who corroborated that Anita asked Tanja to sign on her behalf. *See id.*

44. On January 13, 2023, each of the Siblings timely returned completed commencement election forms to receive their 33% share of the Death Benefits pursuant to the 2019 Designation Form.

45. Because the Siblings timely returned the commencement election forms, the total value of the Death Benefits is $698,410.20.[1]

46. On March 29, 2023, Tanja's January 2023 claim for a portion of the Death Benefits was denied under the Plan's ERISA claims administration procedures, via a letter from FINRA Director of Benefits, Tony Cavallaro. *See* Exhibit 7. In pertinent part, the denial letter stated:

> With respect to the 2022 Beneficiary Designation Form, you have explained that you signed such Form under explicit verbal authority and direction by Ms. Lightning, and you have provided several corroborating witnesses to this fact. Unfortunately, however, the Plan's Beneficiary Designation Form instructions explicitly provide that it is the Plan participant who must sign the Form. Moreover, the Plan's historic operations and practices have been to require participant signatures on required forms, subject to written delegation of such authority by the participant, such as through a bona fide power of attorney that would apply to Plan benefits. Legally, while an individual's authority for matters such as beneficiary designation can be delegated to another individual through a written instrument, such as a durable power of attorney for financial matters, we have not received any evidence that Ms. Lightning delegated to you, through a written instrument, power of attorney or otherwise, the authority to act and sign for her with respect to her Plan benefits.

*Id.*

47. On May 25, 2023, pursuant to the Plan's ERISA claims administration procedures, Tanja filed an appeal of the denial of benefits to the Committee on behalf of herself, Sherry, Paige, X'Zavier, Napoleon L., and Sidney. *See* Exhibit 8.

---

[1] This represents the actuarial value of the benefits as of December 1, 2022. Because of the dispute of claims, which has delayed distribution of the benefits, the beneficiaries are also entitled to interest from that date.

48. On July 28, 2023, the Committee denied the appeal under the Plan's ERISA claims administration procedures, by a letter addressed to Tanja and the other Nieces/Nephews. *See* Exhibit 9. Exercising its "sole and absolute discretion and authority to construe and interpret the Plan's terms and to determine all questions concerning benefit entitlements," the Committee determined:

- That the 2022 Beneficiary Designation Form is not a valid, effective, or governing instrument under the Plan because there is no evidence that it was signed pursuant to a written delegation of authority executed by Ms. Lightning, in accordance with the terms of the Plan and the Plan's reasonable and uniform administrative procedures;

- That the 2019 Beneficiary Designation Form was validly executed, in accordance with the terms of the Plan and the Plan's reasonable and uniform administrative procedures;

- That the 2019 Beneficiary Designation Form was not superseded by the 2022 Beneficiary Designation Form or otherwise, and thus remains the valid, effective, and governing instrument under the Plan for the distribution of Ms. Lightning's death benefits under the Plan, in accordance with the terms of the Plan, the Plan's reasonable and uniform administrative procedures and applicable law; and

- That the benefits payable under the Plan as a result of Ms. Lightning's death should be paid in accordance with the terms of the Plan, and with the 2019 Beneficiary Designation Form, as follows:
  - One-third (33.33%) to Tyrene Huff;
  - One-third (33.33%) to Lenora B. Frazier; and
  - One-third (33.33%) to Napoleon R. Lightning.

*Id.*

49. Upon receipt of the appeal denial letter, Tanja sent an email to Mr. Cavallaro indicating that the Nieces/Nephews intend to continue to contest the Committee's denial of their claimed benefits and stating, among other things, "the [a]ffected beneficiaries and I are prepared to move forward with the civil case." Exhibit 10.

11

50. As of the filing of this Complaint for Interpleader, in light of the competing claims, including the threat of litigation, the Death Benefits have not yet been paid to any of the Defendants.

## COUNT I: INTERPLEADER

51. All preceding paragraphs of this Complaint for Interpleader are incorporated herein.

52. As a fiduciary to the Plan, the Committee is permitted to bring suit "to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. § 1132(a)(3)(B)(ii).

53. Pursuant to Rule 22(a)(1), "[p]ersons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead."

54. The Plan is subject to competing claims between the Siblings and the Nieces/Nephews, which ultimately revolve around whether the 2019 Designation Form, the 2022 Designation Form, or neither, governs the distribution of the Death Benefits.

55. Although the Committee, properly exercising the discretion afforded to it under the terms of the Plan, determined that the 2019 Designation Form governs, the Nieces/Nephews have continued to assert their claim that the 2022 Designation Form governs and that they intend to initiate legal action to enforce such a claim.

56. Given the competing interests of the Siblings and Nieces/Nephews and the articulated threat of litigation, the Committee cannot cause the Plan to distribute the Death Benefits to any of the claimants without subjecting the Plan to potential double liability.

57. The Committee does not have any independent interest in the Death Benefits.

**PRAYER FOR RELIEF**

WHEREFORE, the Committee respectfully prays for the following:

(a)  Each of the Defendants be joined and required to litigate their respective rights to the Death Benefits;

(b)  Upon separate motion of the Committee, that the Committee be permitted to cause the Plan to deposit the Death Benefits in the Court Registry pursuant to FRCP Rule 67 and Local Rule 508;

(c)  Upon said deposit of funds, that the Committee be dismissed with prejudice from this action and that the Committee and Plan be discharged from any and all liability related to the Death Benefits;

(d)  If requested by separate motion, the Committee be awarded its costs and reasonable attorneys' fees; and

(e)  Any further and additional relief this Court may deem just and proper.

Dated: August 25, 2023               Respectfully submitted,

  /s/ Micah E. Ticatch
Edward Lee Isler, Md. Fed. Bar No. 22332
Micah E. Ticatch, Md. Fed. Bar No. 21208
ISLERDARE, P.C.
1945 Old Gallows Road, Suite 650
Vienna, VA 22182
Phone: (703) 748-2690
Fax: (703) 748-2695
eisler@islerdare.com
mticatch@islerdare.com

*Counsel for Interpleader-Plaintiff*
*FINRA Pension/401(k) Committee*