

March 29, 2023

Tanjanickia Lightning
8007 Millstone Ct.
Severn, MD 21144

***RE: Anita Lightning Beneficiar(ies) under the FINRA Employees Retirement Plan***

Dear Ms. Lightning,

On behalf of the Plan Administrator of the FINRA Employees Retirement Plan (the "Plan"), I am writing to respond to your letter dated January 11, 2023 and faxed to the FINRA Pension Center.

Your letter requested that the Plan Administrator recognize a Beneficiary Designation form signed on June 6, 2022, on behalf of Anita Lightning ("Ms. Lightning"), as the valid and controlling designation of Ms. Lightning's beneficiaries under the Plan.

Under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), the federal law that applies to the Plan, the Plan Administrator is treating your letter as an initial claim for benefits under the Plan (the "Claim") in accordance with ERISA and Section 11.10 of the Plan.

## I.     SUMMARY OF DETERMINATION

For the reasons discussed below, we regret to inform you that the Claim is denied. Having evaluated the applicable Plan terms and procedures and relevant documentation, as outlined below, the Plan Administrator has determined that, because the 2022 Beneficiary Designation Form (as defined below) was not signed by Ms. Lightning, the 2022 Beneficiary Designation Form was not validly executed and therefore does not supersede the 2019 Beneficiary Designation Form (as defined below). As a result, the 2019 Beneficiary Designation Form remains the effective and controlling document as to who are the designated beneficiaries for benefits payable from the Plan due to the death of Ms. Lightning.

## II.    ANALYSIS OF RELEVANT FACTS AND PLAN TERMS SUPPORTING THE DETERMINATION

A.     <u>Plan Provisions and Procedures</u>.  Section 6.01 of the Plan authorizes the payment of death benefits under the Plan if a participant dies before commencement of her retirement benefits. In these circumstances, such death benefits are payable to the participant's "beneficiary". Section 1.06 defines "beneficiary" to be the participant's surviving spouse, and if none, the person(s) designated by the participant. Section 1.06 of the Plan further provides that beneficiary designations are in the form and medium prescribed by the FINRA Pension/401(k) Plan Committee (the "Committee") and under reasonable rules uniformly applied and that, in the absence of an effective beneficiary designation, the

Investor protection. Market integrity.

EXHIBIT 8

9509 Key West Avenue
Rockville, MD
20850-3329

t 301 590 6500
www.finra.org

beneficiary of a deceased participant is the participant's surviving spouse or domestic partner, or, if none, then the participant's estate.

To designate a beneficiary under the Plan, the Committee has established procedures requiring a participant to complete a Beneficiary Designation form, which includes the following statements at the beginning:

> Use this form to designate your beneficiar(ies) for the FINRA Employees Retirement Plan. Any benefit payable will be split equally among the beneficiaries listed. Once you make your beneficiary designation, **you must sign and date this form** in the Participant Signature section.

B.     Documentation Reviewed.     In addition to reviewing Plan terms and procedures, including the provisions outlined above, the Plan Administrator's review of the Claim also included review of the following additional documents:

1. A Beneficiary Designation form for Ms. Lightning, signed February 10, 2019 (the "2019 Beneficiary Designation Form");
2. A Beneficiary Designation form for Ms. Lightning, signed June 6, 2022 (the "2022 Beneficiary Designation Form");
3. A signed Durable Financial Power of Attorney for Ms. Lightning, effective April 2, 2018;
4. A Personal Statement from Tanjanickia Lightning, dated January 11, 2023;
5. A letter from Sherry Phillips to the FINRA Pension Center, dated January 13, 2023;
6. A letter from Paige Phillips to the FINRA Pension Center, dated January 13, 2023;
7. A letter from Jacqueline D. Yarbough to the FINRA Pension Center, dated January 13, 2023;
8. A letter from X'Zavier Lightning to the FINRA Pension Center, faxed January 16, 2023;
9. Call records from the FINRA Pension Center for:
    a. A call from Anita Lightning on February 3, 2022;
    b. A call from Tyrene Huff on August 19, 2022;
    c. A call from Tyrene Huff on September 6, 2022;
    d. A call from Tanjanickia Lightning on September 14, 2022;
    e. A call from Tanjanickia Lightning on September 15, 2022;
    f. A call to Tyrene Huff on December 2, 2022;
    g. A call to Paige Phillips on December 13, 2022.

### III. RATIONALE FOR DETERMINATION

It is undisputed that Ms. Lightning was a participant in the Plan, had a vested benefit under the Plan, and died before commencing such vested benefit under the Plan. Consequently, and as a result of Ms. Lightning's death, Ms. Lightning's beneficiar(ies) are entitled to a benefit under the Plan, subject to the terms and conditions of the Plan.

At the time of Ms. Lightning' death, the Plan had received two beneficiary designation forms: the 2019 Beneficiary Designation Form, signed by Ms. Lightning, and the 2022 Beneficiary Designation Form, signed by you.

With respect to the 2019 Beneficiary Designation Form, such Form reflects Ms. Lightning's full signature, and we have not received any evidence supporting any claim or assertion that it was not signed Ms. Lightning. Therefore, the Plan Administrator has determined that the 2019 Beneficiary Designation Form was properly signed under the Plan's rules and procedures.

With respect to the 2022 Beneficiary Designation Form, you have explained that you signed such Form under explicit verbal authority and direction by Ms. Lightning, and you have provided several corroborating witnesses to this fact. Unfortunately, however, the Plan's Beneficiary Designation Form instructions explicitly provide that it is the Plan participant who must sign the Form. Moreover, the Plan's historic operations and practices have been to require participant signatures on required forms, subject to written delegation of such authority by the participant, such as through a bona fide power of attorney that would apply to Plan benefits. Legally, while an individual's authority for matters such as beneficiary designation can be delegated to another individual through a written instrument, such as a durable power of attorney for financial matters, we have not received any evidence that Ms. Lightning delegated to you, through a written instrument, power of attorney or otherwise, the authority to act and sign for her with respect to her Plan benefits.

As a result, having evaluated all of the documentation submitted in connection with this Claim, the Plan Administrator, exercising its authority and discretion to administer and interpret the Plan, hereby determines that the 2019 Beneficiary Designation Form was properly executed by Ms. Lighting, was not revoked or superseded by the 2022 Beneficiary Designation Form, and therefore controls the disposition of benefits payable under the Plan as a result of Ms. Lightning's death.[1] We appreciate the difficult circumstances of this

---

[1] Consistent with its determination that the 2019 Beneficiary Designation Form remains the operative beneficiary designation for death benefits payable under the Plan as a result of Ms. Lighting's death, the Plan Administrator also notes that a Durable Financial Power of Attorney, signed by Ms. Lightning and effective April 2, 2018, delegated authority on financial matters (including retirement plans) to Tyrene Huff. Such Durable Financial Power of Attorney also continues to remain in effect because there is no evidence that it was properly revoked or terminated by Ms. Lightning prior to her death.

situation, but the Plan must be operated uniformly in accordance with its terms and established procedures. Specifically, consistent with the 2019 Beneficiary Designation Form, the Plan Administrator determines that the Plan's death benefits should be payable as follows:

- One-third to Tyrene Huff;
- One-third to Lenora B. Frazier; and
- One-third to Napoleon R. Lightning.

### IV.     EXPLANATION OF APPEAL RIGHTS

You, or your authorized representative, may appeal this determination by filing a written appeal within 60 days after you receive this letter. **If you do not appeal within this 60-day period, the Plan Administrator's determination with respect to the Claim, as described in this letter, will be deemed final, binding, and conclusive.**

To file an appeal, please send your request directed to my attention in writing to:

FINRA Pension/401(k) Plan Committee Financial Industry Regulatory Authority, Inc.
9509 Key West Avenue
Rockville MD 20850

The written appeal must identify both the grounds and specific Plan provisions upon which the appeal is based. In connection with your appeal, you may submit any written comments, documents, records or other information relating to the Claim and the Plan Administrator's determination. For example, if you have documents or other information that would demonstrate why this determination is incorrect, please forward those documents along with the written appeal request. You should also know that, upon request and free of charge, you will be provided documents and other information relevant to the Claim.

If you file an appeal as described above, you will be provided a full and fair review of the Plan Administrator's determination. The review will consider the merits of your written representations, the merits of any fact or evidence in support of the determination, and such other facts and circumstances as the Plan Administrator may deem relevant, without regard to whether the information was submitted or considered in the initial benefit denial. You will be notified of the decision on your appeal within 60 days after receiving your appeal, unless the Plan Administrator determines that special circumstances require an extension (in which case, you will be notified of the extension within 60 days of the Plan Administrator's receiving your appeal and the Plan Administrator may take up to 120 days to rule on the appeal).

If your appeal is wholly or partially denied following review, you will then have the right to bring a civil action under ERISA Section 502(a).

Sincerely,

*Tony Cavallaro*

Tony Cavallaro
Director Benefits

enclosure
2019 Beneficiary Designation Form



ANITA M LIGHTNING          Preretirement Survivor Annuity Beneficiary Designation, Page 3

## Beneficiary Designation

Use this form to designate your beneficiary(ies) for the FINRA Employees Retirement Plan. Any benefit payable will be split equally among the beneficiaries listed. Once you make your beneficiary designation, you must sign and date this form in the Participant Signature section. If you are married and designate someone **other than solely your spouse**, your spouse must sign the Consent of Spouse section in the presence of a Notary Public. If you need more space, make a copy of this Beneficiary Designation section, complete it, and attach it to this form.

| Primary Beneficiary Name | Social Security Number | Relationship | Percentage |
|---|---|---|---|
| 1. Tyrene Huff | | sister | 33.33% |
| 2. Lenora B. Frazier | | sister | 33.33% |
| 3. Napoleon R. Lightning | | brother | 33.33% |
| 4. | | | |

| Contingent Beneficiary Name | Social Security Number | Relationship | Percentage |
|---|---|---|---|
| 1. Tanjanickia C. Lightning | | niece | 33.33% |
| 2. Sherry Phillips | | niece | 33.33% |
| 3. Tyler Huff | | niece | 33.33% |
| 4. | | | |

## Participant Signature

My signature below certifies that:

- I have elected the beneficiary designation(s) specified on this form for the Preretirement Survivor Annuity under the FINRA Employees Retirement Plan.

- I understand I have a right to designate a beneficiary other than my spouse, if applicable, and my spouse has the right to consent or not to such designation.

- I understand I may redesignate my spouse, if applicable, as my beneficiary or with my spouse's consent, change my beneficiary.

Signature of Participant: *Anita Lightning*          Date: 2/10/19