May 25, 2023

Attention FINRA PENSION CENTER and DIRECTOR OF BENEFITS TONY CAVALLERO:

I Tanjanickia Lightning am writing on behalf of myself, Sherry Phillips, Paige Phillips, X'Zavier Lightning, Napoleon L. Lightning and Sidney Lightning to appeal your decision of denial in regards to the beneficiary document completed and signed by myself on behalf of and with authorization of Anita Lightning.

In the denial letter there was a statement that a durable financial power of attorney document was on file with FINRA. Could you please review the document and ensure that it meets all requirements in regards to a valid durable financial power of attorney document for the state of maryland, and provide proof of each requirement along with proof filed with the court that allows the power of attorney to change beneficiaries. Also, could you please provide proof that aside from Tyrene Huff's phone call and allegations made on 09/06/2022, (4 days before the death of Anita Lightning) that FINRA would have deemed the document invalid and if so on what grounds.

Also, please review telephone recordings of the phone call placed in early 2022, where Anita Lightning and myself contacted FINRA to inquire about making changes to her beneficiary benefits. Please take note of the fact that we asked if I would be able to assist her with completing the document and we were told by a representative that I would be able to do so. This included me filling out and signing the document with authorization from Anita Lightning. If my doing so would not be allowed it would have been beneficial for us to have been informed of that so other arrangements could have been made that would have met your guidelines and would have avoided Anita Lightning's final wishes being dishonored. Is it common practice for representatives of the FINRA pension center to provide misinformation? I could assure you that I would not have completed the document if I was made aware that it would be invalid because I was not the POA.

Furthermore, the document that was sent out to complete the beneficiary designations did not state that if a participant was not able to complete the document themselves that it MUST be signed by a power of attorney and it also did not provide respect to the participant designating an authorized representative to complete the document on their behalf if they were physically unable to do it themselves. I feel that if there had been a statement or direction that demanded that if a participant is physically unable to complete the document, only a POA could do it, or the document would be deemed invalid we would have completed the document in the correct manner to comply with your guidelines. Also, it has been notated with FINRA that I have acted as her personal representative and assisted her with phone calls and have conducted business and completed other paperwork with FINRA, at no time were we ever told that the POA was the one that had to do it.

Also, I can vividly recall Anita Lightning receiving a personal calculation statement that I had to read to her in early feb 2021 that provided a full explanation of her plan benefits and how they would be paid out to her if she were to receive the payout or annuity that she was requesting. It stated that no beneficiaries would receive certain benefit amounts upon her death. Is there still record of this document on file with FINRA? If not, I can provide information to locate it if necessary. However, in regards to this document could you explain how beneficiaries will be receiving benefits based on the 2019 document as opposed to what was sent out to her from FINRA in the personal calculation statement in accordance to her payout if she were still alive and able to receive her benefits? How do they differ?

Finally, upon further inspection of the 2019 document that you have provided to me, I had the document reviewed by Anita Lightning's financial advisor with Ameriprise, her manager while

**EXHIBIT**

**9**

working at FINRA Rhonda Scott another beneficiary Napoleon R. Lightning (listed in both 2019 and 2022 designations),witness to the 2022 designation Jacqueline Yarbrough, myself and the other beneficiaries listed above we have noticed that the 2019 document is not valid based on the fact that Anita Lightning did not fill out the document herself and the Power of Attorney did not fill out the document according to Anita's wishes. It has also been brought to my attention that the signature has possibly been "copied and pasted", or prematurely signed on the document that was completed by the POA. Please note that the signature on the 2019 document is "clear and legible" and I am able to provide proof that in 2019 Anita Lightning was not able to clearly and legibly sign her signature and I had been signing all official documents on her behalf during that time. Additionally, if she was able to clearly sign her name then there would have been no reason for her to have the POA to fill it out for her.
I am also able to provide statements from witnesses of Anita's signature that would be able to support the allegations.
For these reasons myself, Sherry Phillips, Paige Phillips, X'Zavier Lightning, Napoleon L. Lightning and Sidney Lightning would like for the 2019 document to be reviewed for validity and if it cannot be proven that the document is in fact valid and aligns with the full intention of Anita Lightning that it be deemed invalid along with the June 2022 document and all funds from Anita Lightning's pension benefits with FINRA be released to her estate, in which case they will be distributed with respect to her Will.

It is my understanding that if this second appeal is denied that we will then have the right to file a civil complaint and we are prepared to do so, however it is our hope that you will thoroughly review this situation once more and make an honorable decision with respect to the final wishes of Anita Lightning. In light of all facts whether proper or improper we ask that you please release the benefits to the estate of the deceased where there is no doubt of how she intended for her assets to be distributed.

Thank you,


Tanjanickia Lightning

On behalf of:
Myself
Sherry Phillips
Paige Phillips
X'Zavier Lightning
Napoleon L. Lightning
Sidney Lightning