**FINRA**

July 28, 2023

<u>*VIA Email and FedEx*</u>

Ms. Tanjanickia Lightning
8007 Millstone Ct.
Severn, MD 21144
tanjalightning@gmail.com

**RE: Anita Lightning Beneficiary under the FINRA Employees Retirement Plan**

Dear Ms. Lightning,

On behalf of the Administrator of the FINRA Employees Retirement Plan (the "Plan"), we are writing to respond to your letter dated May 25, 2023 (and received by FINRA on May 31, 2023), appealing the decision dated March 29, 2023, denying the initial claim made on behalf of yourself and others that a Beneficiary Designation form you signed on June 6, 2022 on behalf of Anita Lightning ("Ms. Lightning") should be determined to be the valid, effective, and governing designation of Ms. Lightning's beneficiaries under the Plan (the "Initial Claim").

As an initial matter, please accept our sincere condolences on the death of Ms. Lightning, and our acknowledgement regarding the difficult circumstances of this situation. However, our legal duties require us to interpret and operate the Plan uniformly, in accordance with its terms, its governing documents, and its reasonable and uniform administrative procedures.

The Administrator is treating your May 25, 2023 letter as a written appeal for benefits under the Plan (the "Appeal") filed on behalf of yourself, Sherry Phillips, Paige Phillips, X'Zavier Lightning, Napoleon L. Lightning, and Sidney Lightning (together, the "Claimants"), in accordance with Section 11.10 of the Plan and the requirements of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). Without waiving our rights to assert that the Appeal is untimely or otherwise deficient, or to respond to any of the assertions in the Appeal, the Administrator has reviewed the merits of the Appeal and regrets to advise you and the other Claimants that the Appeal is denied, for the reasons discussed below.

I.   **SUMMARY OF DETERMINATION**

The Administrator of the Plan has the sole and absolute discretion and authority to construe and interpret the Plan's terms and to determine all questions concerning benefit entitlements. After a thorough review of the terms of the Plan and its procedures, the documentation provided by the FINRA Pension Center, and the documentation and other information provided by you and the other Claimants, the Administrator has determined that the 2019 Beneficiary Designation Form (defined below) is the valid, effective, and governing designation of Ms. Lightning's beneficiaries under the Plan.

**EXHIBIT 10**

Accordingly, consistent with the 2019 Beneficiary Designation Form, the Administrator determines that the benefits payable from the Plan due to the death of Ms. Lightning should be paid as follows:

- o One-third (33.33%) to Tyrene Huff;
- o One-third (33.33%) to Lenora B. Frazier; and
- o One-third (33.33%) to Napoleon R. Lightning.

## II. DOCUMENTATION REVIEWED IN DETERMINATION

In its capacity as Administrator of the Plan, the FINRA Pension / 401(k) Committee (the "Committee") has undertaken a full and fair review of the Appeal in accordance with the claims procedures detailed in the Plan Document (as defined below), the Summary Plan Description (as defined below), and applicable law. Specifically, the Committee's review has been conducted using a *de novo* standard—meaning no deference was given to the decision regarding the Initial Claim. In addition, the Committee's review of the Appeal considered merits of the Plan terms and all written representations, documentation and information that was provided, without regard to whether such information was submitted or considered in the Initial Claim. Furthermore, as the Administrator of the Plan, the Committee has the sole and absolute discretion and authority to construe and interpret the Plan's terms and to determine all questions concerning benefit entitlements. This broad discretionary authority of the Committee is final, binding and conclusive on all parties, including you and each of the Claimants.

Exercising its discretionary authority under the Plan and applicable law, the Administrator has reviewed and considered the following documents and information:

1. The terms of the FINRA Employees Retirement Plan document, as amended and restated effective as of January 1, 2016, and as subsequently amended (the "Plan Document"). In particular, the Committee reviewed the following:

    - o Section 6.01 of the Plan Document, which provides that death benefits with respect to a Plan participant who dies before commencing their retirement benefits will be payable to the participant's "Beneficiary".

    - o Section 1.06 of the Plan Document, which defines "Beneficiary" to mean:

        > "[a] Participant's surviving Spouse, or if there is none, the person or persons designated by a Participant to receive any payment or payments in respect of such Participant payable under this Plan in the event of such Participant's death…
        >
        > Any such Beneficiary designation shall be in the form and medium prescribed by the Committee and may be changed from time to time in the form and medium prescribed by the Committee. Under reasonable rules uniformly applied, the Committee may limit the number of beneficiaries an individual may designate thereunder. In the absence of an effective designation, or if all designated persons predecease the Participant, the Beneficiary shall be the surviving

> members of the first of the following classes that include survivors: the Participant's (a) surviving Spouse or Domestic Partner (as defined in Section 8.04(b)), or (b) estate."

- Section 11.10 of the Plan Document, which provides that to the maximum extent permitted by law, the Committee shall have the power and complete discretionary authority to decide any questions regarding the operation of the Plan, any questions regarding eligibility for benefits under the Plan, and any matter whatsoever that arises in connection with the Plan, with the Committee's decisions being binding, final, and conclusive upon all parties.

2. The terms of the Summary Plan Description with respect to the Plan, as amended and restated in 2017 (the "SPD"). In particular, the Committee considered the following:

    - The provisions of the SPD describing that in the case of a participant who dies before retirement benefits under the Plan have begun and who is not married, or does not have a domestic partner at the time of death, death benefits will be paid to the participant's designated beneficiary or beneficiaries, unless there is no surviving beneficiary, in which case benefits will be paid to the participant's estate.

    - The provisions of the SPD describing the ERISA claims determination and appeal procedures under the Plan that were applied to the Initial Claim and to the Appeal, consistent with applicable law.

3. The terms of the Plan's standard Beneficiary Designation form available to retired employees, such as Ms. Lightning, through the FINRA Pension Center, which reflects the reasonable administrative procedures established by the Committee requiring that a Plan participant designate a beneficiary under the Plan by completing a Beneficiary Designation form in writing. In particular, the Committee considered the following:

    - The statement on the Beneficiary Designation form instructing Plan participants to "use this form to designate your beneficiar(ies) for the FINRA Employees Retirement Plan. Any benefit payable will be split equally among the beneficiaries listed. Once you make your beneficiary designation, **you must sign and date this form** in the Participant Signature section." (emphasis added).

    - The section of the Beneficiary Designation form entitled "Participant Signature", which provides that the participant's signature is certifying (i) that the participant has elected the beneficiary designation(s) specified on the form; (ii) that the participant understands that they have a right to designate a non-spouse beneficiary, if applicable, subject to certain consent requirements; and (iii) that the participant understands that they may

  redesignate a spouse as beneficiary, if applicable, subject to certain consent requirements.

- o The Committee's reasonable administrative procedures, administered uniformly and consistently by the Plan, requiring that each Beneficiary Designation form be signed by the participant himself/herself or, in the alternative, by an individual who has been authorized by the participant, in writing, to complete the Beneficiary Designation form on such participant's behalf.

4. A signed Durable Financial Power of Attorney for Ms. Lightning, effective April 2, 2018, designating Ms. Tyrene Huff as Ms. Lightning's power of attorney and authorizing her to take certain actions with respect to retirement plans.

5. Ms. Lightning's Beneficiary Designation form, signed February 10, 2019 (the "2019 Beneficiary Designation Form").

6. Ms. Lightning's Beneficiary Designation form, which is undisputed in the Appeal to have been signed June 6, 2022 by you (the "2022 Beneficiary Designation Form").

7. A Pension Calculation Statement sent by the FINRA Pension Center to Ms. Lightning, dated February 9, 2021.

8. The Initial Claim faxed January 11, 2023, including (i) a personal statement from you, faxed January 11, 2023; (ii) a letter from Sherry Phillips to the FINRA Pension Center, faxed January 13, 2023; (iii) a letter from Paige Phillips to the FINRA Pension Center, faxed January 13, 2023; (iv) a letter from Jacqueline D. Yarbough to the FINRA Pension Center, faxed January 13, 2023; and (v) a letter from X'Zavier Lightning to the FINRA Pension Center, faxed January 16, 2023.

9. Call records from the FINRA Pension Center[1] for:

  a. A call from Ms. Lighting on February 2, 2022;

  b. A call from Ms. Lightning on February 3, 2022;

  c. A call from Tyrene Huff on August 19, 2022;

  d. A call from Tyrene Huff on September 6, 2022;

  e. A call from you on September 14, 2022;

---

[1] In accordance with its standard record retention policy, the FINRA Pension Center does not retain call recordings for more than eighteen (18) months. As a result, although FINRA requested records of calls before February 2022, such call recordings could not be provided. The FINRA Pension Center did provide a chronological summary of communications regarding Ms. Lightning's benefit (earliest entry is November 9, 2010), as noted in Section II, item #10 of this letter.

  f. A call from you on September 15, 2022;

  g. A call to Tyrene Huff on December 2, 2022;

  h. A call to Paige Phillips (returning her voice mail message) on December 13, 2022; and

  i. A call to you (returning your call) on April 10, 2023.

10. A chronological summary of communications with the FINRA Pension Center regarding Ms. Lightning's benefit under the Plan, sent by the FINRA Pension Center on January 26, 2023.

11. A distribution packet sent to Tyrene Huff from the FINRA Pension Center, dated November 30, 2022.

12. A letter sent by the FINRA Pension Center to you, dated November 30, 2022.

13. The Initial Claim Denial Letter sent on behalf of the Administrator to you, dated March 29, 2023.

14. The Appeal, sent by you to FINRA, dated May 25, 2023.

15. A letter sent on behalf of the Administrator to you, dated June 15, 2023, acknowledging receipt of the Appeal and reminding you and the Claimants that additional information could be submitted for consideration by the Administrator.

16. Confirmation from Federal Express that the Administrator's letter dated June 15, 2023 was delivered on June 19, 2023.

17. A letter from you to the FINRA Pension Center, faxed July 10, 2023, with attached documents, including a DARCARS Restricted Power of Attorney from October 2019.

18. An email from you to Tony Cavallaro, FINRA Director of Benefits, sent July 18, 2023, 7:49AM, with attachments, including pictures of the DARCARS Restricted Power of Attorney from October 2019.

19. An email from you to Mr. Cavallaro, sent July 18, 2023, 11:33PM, with attachments, including excerpted video and text messages.

**III. ANALYSIS AND RATIONALE FOR DETERMINATION**

  Without waiving any rights of the Plan or the Administrator to respond to any of the specific assertions in the Appeal or subsequent communications, the Committee has reviewed the Appeal and denies the Appeal for the reasons specified below.

- Ms. Lightning was a participant with a vested benefit under the Plan who died before commencing her benefit. Ms. Lightning's "Beneficiary" (as defined in Section 1.06 of the Plan Document) is therefore entitled to a benefit under the Plan, subject to the terms and conditions of the Plan and its governing documents.

- In the context of death benefits that are payable under the terms of an ERISA plan, the governing plan documents include a written beneficiary designation form completed according to the plan's established procedures. See *Kennedy v. Plan Administrator for DuPont Savings and Investment Plan et al.,* 555 U.S. 285 (2009).

- The Plan's reasonable administrative procedures, which have been implemented uniformly and consistently, require that a participant's designation of beneficiaries who will receive any benefits that may become payable under the Plan upon the participant's death requires completion, in writing, of a Beneficiary Designation form. Consistent with historic practice and Plan operations, completion of such a Beneficiary Designation form requires signature by the Plan participant himself or herself, as indicated in the introductory statement ("you must sign and date this form in the Participant Signature section"), the Participant Signature section ("My signature below certifies that:…"), and the line on the form designated "*Signature of Participant*". In the event a Plan participant is unable to sign, the Plan's consistent administrative procedures have been to accept signature made by another individual on behalf of the Plan participant, but only if that signature is made pursuant to a written delegation of such authority by the participant (such as through a valid power of attorney), which should be appropriately evidenced in the manner in which the Beneficiary Designation form is signed (e.g., notation that the signature is "on behalf of / as legal agent for" the participant).

- At the time of Ms. Lightning's death, the Plan had received two Beneficiary Designation forms: the 2019 Beneficiary Designation Form and the 2022 Beneficiary Designation Form, each of which were considered by the Committee, along with the other documentation listed above.

- The 2019 Beneficiary Designation Form, dated February 10, 2019, bears Ms. Lightning's full signature. The Appeal asserts that the 2019 Beneficiary Designation Form may not have been signed by Ms. Lightning and that Ms. Lightning was not able to clearly and legibly sign her signature in 2019. However, the Committee considered the information provided in the Appeal (including the a DARCARS Restricted Power of Attorney, from October 2019, which you indicated was manually signed by Ms. Lightning), and determined that this information was not relevant to its evaluation regarding the validity of the 2019 Beneficiary Designation Form, signed eight months earlier in February 2019, under the Plan's established administrative procedures.

- The 2022 Beneficiary Designation Form, which you indicated you signed on behalf of Ms. Lightning at her oral direction. In evaluating whether the 2022 Beneficiary Designation Form is valid under the Plan's established administrative procedures, and could be deemed to have superseded the 2019 Beneficiary Designation Form, the

Committee considered: (i) information provided by you and the Claimants regarding discussions in which Ms. Lightning orally expressed an interest in taking action to modify her beneficiaries; (ii) information provided by you and the Claimants regarding support and other actions that you purportedly took on behalf of Ms. Lightning in other contexts; (iii) the absence of any written documentation or delegation of authority signed by Ms. Lightning authorizing you to sign the 2022 Beneficiary Designation Form on her behalf; (iv) the absence of any record that Ms. Lightning or anyone else reached out to the FINRA Pension Center with concerns about Ms. Lightning's ability to complete a Beneficiary Designation form herself; and (v) the incomplete signature on the 2022 Beneficiary Designation Form, which does not reflect Ms. Lightning's full name, nor does it indicate that you were signing the Form as her agent or otherwise on her behalf.

After reviewing all information submitted relating to this Appeal, the Committee, exercising its authority and discretion to administer and interpret the Plan, hereby determines the following:

- That the 2022 Beneficiary Designation Form is not a valid, effective, or governing instrument under the Plan because there is no evidence that it was signed pursuant to a written delegation of authority executed by Ms. Lightning, in accordance with the terms of the Plan and the Plan's reasonable and uniform administrative procedures;

- That the 2019 Beneficiary Designation Form was validly executed, in accordance with the terms of the Plan and the Plan's reasonable and uniform administrative procedures;

- That the 2019 Beneficiary Designation Form was not superseded by the 2022 Beneficiary Designation Form or otherwise, and thus remains the valid, effective, and governing instrument under the Plan for the distribution of Ms. Lightning's death benefits under the Plan, in accordance with the terms of the Plan, the Plan's reasonable and uniform administrative procedures and applicable law; and

- That the benefits payable under the Plan as a result of Ms. Lightning's death should be paid in accordance with the terms of the Plan, and with the 2019 Beneficiary Designation Form, as follows:

    o One-third (33.33%) to Tyrene Huff;
    o One-third (33.33%) to Lenora B. Frazier; and
    o One-third (33.33%) to Napoleon R. Lightning.

As the Administrator, the Committee has the sole and absolute discretion and authority to construe and interpret the Plan's terms and to determine all questions concerning benefit entitlements. Therefore, this decision by the Committee on the Appeal is the Plan's final determination with respect to the Appeal, and it is considered final, binding, and conclusive on you and each of the other Claimants. You and each of the other Claimants, or your authorized representative(s), have the right to request, free of charge, reasonable access to, and copies of, relevant documents, records or other information related to the Appeal. Having now exhausted your ERISA benefit claim and appeal rights under the Plan, you and each of the other Claimants,

or your authorized representative(s), also have the right to bring a civil action on the Appeal under ERISA Section 502(a), subject to the requirements of applicable law.

Sincerely,

*[signature]*

Jeffrey Kalinowski

*[signature]*

Jennifer Keating

Co-Chairs of the FINRA Pension / 401(k) Committee, in its capacity as Administrator of the FINRA Employees Retirement Plan

cc (via FedEx):   Sherry C. Phillips
  Tyler B. Huff
  Paige A. Phillips
  X'Zavier L. Lightning
  Napoleon L. Lightning
  Sidney L. Lightning
  Napoleon R. Lightning
  Tyrene L. Huff
  Lenora B. Frazier