IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | ) | |
| FINRA PENSION/401(k) PLAN COMMITTEE, | ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:23-cv-2336-RDB |
| | ) | |
| NAPOLEON ROOSEVELT LIGHTNING, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**SUPPLEMENT TO MOTION FOR SUMMARY JUDGMENT**

Defendants Napoleon Roosevelt Lightning ("**Napoleon R.**"), Tyrene Huff ("**Tyrene**"), and Lenora Frazier ("**Lenora**" and with Napoleon R. and Tyrene, "**Siblings**") through counsel, hereby supplement their July 19, 2024 Motion for Summary Judgment ("**Motion**") as follows:

1.      At issue are Death Benefits, exceeding $698,000 in value, Plaintiff FINRA Pension/401(k) Plan Committee ("**Plaintiff**") holds as administrator of the Financial Industry Regulatory Authority ("**FINRA**") Employees Retirement Plan ("**Plan**"), a pension plan for FINRA employees governed by 29 U.S.C. § 1001 *et seq.*, the Employee Retirement Income Security Act of 1974. The Plan participant was Anita Lightning ("**Anita**"), a FINRA retiree who died in 2022 with a fully vested pension.  In 2019, Anita designated the Siblings as 100% equal beneficiaries of the Death Benefits in a Designation Form ("**2019 Designation Form**").

2.      However, the Plan has yet to distribute the Death Benefits.  Anita's nieces and nephews, Defendants (1) Tanjanickia Lightning ("**Tanja**"), (2) X'Zavier Lightning ("**X'Zavier**"), (3) Paige Phillips ("**Paige**"), (4) Tyler Huff ("**Tyler**"), (5) Sidney Lightning ("**Sidney**"), (6) Napoleon Lloyd Lightning (**"Napoleon L."**), and (7) Sherry Lightning ("**Sherry**" and with Tanja, X'Zavier, Paige,

Sidney, Napoleon L., and Tyler, the "**Nieces and Nephews**"), stalled distribution by claiming a

2022 Beneficiary Designation Form ("**2022 Designation Form**") Tanja admittedly executed and

purportedly submitted to Plaintiff on Anita's behalf in June 2022 entitled them to share the Death

Benefits with the Siblings under.  Plaintiff denied the Nieces' and Nephews' claim in 2022, a

denial Plaintiff sustained after the Nieces and Nephews administratively appealed.[1]  In August

2023, after the Nieces and Nephews exhausted administrative appeals, Tanja threatened suit, and

Plaintiff filed suit.  The Nieces and Nephews answered the Complaint but conducted no discovery.

On July 19, 2024, after discovery closed, the Siblings filed the Motion.[2]

3.       According to L.Civ.R. 105(2)(a), the Nieces' and Nephews' response to the Motion was

due by August 2, 2024, but they filed no response.  Instead, on August 20, 2024, counsel for the

Nieces and Nephews contacted the undersigned and Plaintiff's counsel and requested consent to

enlarge the time to respond to the Motion to August 26, 2024, due to a health issue and

unanticipated staff turnover.  The Siblings' and Plaintiff's counsels consented.

4.       As of this filing, however, the Nieces and Nephews have neither responded to the Motion

nor moved to enlarge the time to respond to the Motion.

5.       The Siblings (and it is believed, Plaintiff) seek a swift resolution to this matter.  The dispute

has been pending since September 14, 2022, when Tanja first called the FINRA Pension Center to

claim the Death Benefits.  The Nieces and Nephews have had nearly two (2) years to demonstrate

---

[1]       Plaintiff deemed the 2022 Designation Form invalid as it was not executed by Anita or pursuant to written legal authority designating another to act on her behalf as required by Plaintiff's policies and practice.  Plaintiff determined that the 2019 Designation Form controlled.

[2]       The Motion relied, among other things, on the fact that the Nieces and Nephews conducted no discovery and therefore, given the record evidence, could demonstrate no genuine material dispute about how Plaintiff reviewed and denied their claim.

that Plaintiff erred in denying their claim to the Death Benefits, yet the record is as fixed today as it was when Plaintiff first appealed Plaintiff's denial in early 2023.

6.      The Siblings understand this Court cannot grant the Motion solely because the Nieces and Nephews did not respond.  *See* Hansei Wei v. Xiandong Xu, 2022 U.S. Dist LEXIS 81284 (D. Md., May 4, 2022) *17, *citing* Custer v. Pan Am. Life Insu. Co., 12 F. 3d 410, 416 (4ᵗʰ Cir. 1993).[3] The Motion, however, is ripe and the Siblings presented sufficient admissible evidence for this Court to resolve the Motion in their favor.

        WHEREFORE, for the reasons set forth herein and, in the Motion, the Siblings request that this Court grant their Motion in its entirety and award any and other interest as the Court deems proper and just in this case.

Date:   August 30, 2024                              Respectfully submitted,

                                                     /s/ Jesse D. Stein
                                                     Jesse D. Stein, Bar No. 17663
                                                     Selzer Gurvitch Rabin
                                                     Wertheimer & Polott, PC
                                                     4416 East West Highway, Suite 400
                                                     Rockville, MD 20852
                                                     T:      (301) 986-9600
                                                     F:      (240) 235-4399
                                                     E:      jstein@sgrwlaw.com

                                                     Counsel for Defendants Napoleon Roosevelt
                                                     Lightning, Tyrene Huff, and Lenora Frazier

---

[3]      The Court stated in Wei:

        [A] district judge must "'thoroughly analyze[ ]' even an unopposed motion for summary judgment."  Indeed, in considering a motion for summary judgment, the district court "*must* review the motion, even if unopposed, and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law."

(internal citations omitted).

**CERTIFICATE OF SERVICE**

I hereby certify that on August 30, 2024, the foregoing was served by the Court's electronic

PACER system on the following individuals:

Edward Lee Isler, Esq.
Micah E. Ticatch, Esq.
Isler Dare PC
1945 Old Gallows Rd. Suite 650
Vienna, VA 22182
*Counsel of Record for*
*FINRA Pension/401(k) Plan Committee*

Carl V. Angelis
4601 Grant Street, NE
Washington, DC 20019-4741
Counsel for Defendants Tanja Lightning,
X'Zaivier Lightning, Paige Phillips, Sherry Phillips,
Napoleon Lightning, Tyler Huff, and Sidney Lightning

*/s/ Jesse D. Stein*
Jesse D. Stein