IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| FINRA PENSION/401(k) PLAN COMM., | * | |
| *Interpleader-Plaintiff*, | * | |
| v. | * | Civil Action No. RDB-23-2336 |
| NAPLEON ROOSEVELT LIGHTNING, TYRENE HUFF, LENORA FRAZIER, TANJANICKIA LIGHTNING, SHERRY PHILLIPS, TYLER HUFF, PAIGE PHILLIPS, X'ZAVIER LIGHTNING, NAPOLEON LLOYD LIGHTNING, and SIDNEY LIGHNING, | * * * * | |
| *Interpleader-Defendants*. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

On August 25, 2023, Interpleader-Plaintiff FINRA Pension 401(k)/Plan Committee ("Interpleader-Plaintiff" or the "Committee") filed a complaint for interpleader against Interpleader-Defendants Napoleon Roosevelt Lightning, Tyrene Huff, Lenora Frazier, Tanjanickia Lightning, Sherry Phillips, Tyler Huff, Paige Phillips, X'Zavier Lightning, Napoleon Lloyd Lightning, and Sidney Lightning, "for the purpose of adjudicating the manner in which certain retirement plan benefits should be distributed following the death of former FINRA employee Anita Lightning" (the "Deceased"). (ECF No. 1.)[1] Presently pending is a Motion for Summary Judgment (ECF No. 24) filed by the Deceased's siblings—Napoleon

---

[1] For clarity, this Memorandum Opinion cites to the ECF generated page number, rather than the page number at the bottom of the parties' various submissions, unless otherwise indicated. Likewise, this Memorandum Opinion cites to the ECF generated document number, rather than the exhibit number provided by the parties' various submissions.

1

Roosevelt Lightning, Tyrene Huff, and Lenora Frazier (collectively, the "Siblings"), which requests summary judgment finding the Siblings entitled to recover benefits under the Plan. That motion was supplemented by the Siblings (ECF No. 27), and remains unopposed[2] by the remaining Interpleader-Defendants, who are nieces and nephews of the Deceased: Tanjanickia Lightning, Sherry Phillips, Tyler Huff, Paige Phillips, X'Zavier Lightning, Napoleon Lloyd Lightning, and Sidney Lightning (collectively, the "Nieces and Nephews"). The Siblings' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2023). For the reasons set forth below, the Siblings' Motion for Summary Judgment (ECF No. 24) is GRANTED, and distribution shall be given to the Siblings Napoleon Roosevelt Lightning, Tyrene Huff, and Lenora Frazier as Beneficiaries, and not to the Nieces and Nephews: Tanjanickia Lightning, Sherry Phillips, Tyler Huff, Paige Phillips, X'Zavier Lightning, Napoleon Lloyd Lightning, and Sidney Lightning.

## BACKGROUND

### I.   Background on Parties

Interpleader-Plaintiff FINRA Pension 401(k)/Plan Committee is the plan administrator and named fiduciary of the FINRA Employees Retirement Plan (the "Plan"), a retirement plan for employees of the Financial Industry Regulatory Authority ("FINRA"),

---

[2] The time for filing a response to the Siblings' Motion for Summary Judgment—filed July 19, 2024—has long lapsed. *See* Local Rule 105.2(a) ("Unless otherwise ordered by the Court, all memoranda in opposition to a motion shall be filed within fourteen (14) days of the service of the motion[.]"). While it appears that counsel for the Nieces and Nephews contacted counsel of record on August 20, 2024, to request the Interpleader-Plaintiff and Siblings' consent to extend the time to respond to the motion to August 26, 2024, and all parties consented, (ECF No. 27 ¶¶ 3–4), the Nieces and Nephews never moved this Court to extend the time to respond, nor did they respond to the motion.

pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001–1461. (ECF No. 1 ¶ 1; Ex. 1, ECF No. 24-2.)

The Interpleader-Defendants are all relatives of Plan participant Anita Lightning, who retired from employment with FINRA on December 31, 2018. (Ex. 2 ¶¶ 21–22, ECF No. 24-3.) This action for interpleader follows a dispute between Anita Lightning's siblings—Interpleader-Defendants Napoleon Roosevelt Lightning, Tyrene Huff, and Lenora Frazier—and her nieces and nephews—Interpleader-Defendants Tanjanickia Lightning, Sherry Phillips, Tyler Huff, Paige Phillips, X'Zavier Lightning, Napoleon Lloyd Lightning, and Sidney Lightning—following her death on September 10, 2022, over the distribution of certain Plan benefits. (*Id.* ¶ 33.)

## II. Background on the Plan

For a Plan participant who retires before the age of 65, the participant may opt to receive benefits immediately or defer those benefits until they reach the age of 65. The Plan provides that if "a [formerly employed vested] Participant should die prior to the commencement of [her] retirement benefits, the Beneficiary of such a Participant shall receive benefits (in the form provided under Section 6.02) equal to one hundred percent (100%) of the Actuarial Equivalent of the deceased Participant's monthly retirement benefit determined as of the date of [her] death." (Ex. 1 § 6.01, ECF No. 24-2.) The Plan explains that such Death Benefits are paid to the Beneficiaries whom the Participant designates on the "form and medium prescribed by the Committee." (*Id.* § 1.06.) In the absence of an effective designation, or if all designated persons predecease the Participant, the Beneficiary is the

3

Participant's surviving spouse or domestic partner; if none exists, the Beneficiary is the Participant's estate. (*Id.*)

The Beneficiary Designation form allows for Participants to designate as many Beneficiaries as the Participant wishes and to designate "contingent beneficiaries" who will only receive benefits in the event the Beneficiaries are not living at the time of distribution. (Ex. 3, ECF No. 24-4; Ex. 5, ECF No. 24-6.)   The top of the Beneficiary Designation form states:

> Use this form to designate your beneficiary(ies) for the FINRA Employees Retirement Plan. Any benefit payable will be split equally among the beneficiaries listed.  Once you make your beneficiary designation, you must sign and date this form in the Participant Signature section.  If you are married and designate someone other than solely your spouse, your spouse must sign the Consent of Spouse section in the presence of a Notary Public.  If you need more space, make a copy of this Beneficiary Designation section, complete it, and attach it to this form.

(Ex. 3, ECF No. 24-4; Ex. 5, ECF No. 24-6.)   Above the signature block, the form states:

> My signature below certifies that:
>
> - I have elected the beneficiary designation(s) specified on this form for the Preretirement Survivor Annuity under the FINRA Employees Retirement Plan.
>
> - I understand I have a right to designate a beneficiary other than my spouse, if applicable, and my spouse has the right to consent or not to such designation.
>
> - I understand I may redesignate my spouse, if applicable, as my beneficiary or with my spouse's consent, change my beneficiary.

(Ex. 3, ECF No. 24-4; Ex. 5, ECF No. 24-6.)   In its Complaint for Interpleader, the Interpleader-Plaintiff explains: "[c]onsistent with the language on the Beneficiary Designation form, the Committee had adopted an administrative procedure requiring all Beneficiary

Designation forms be signed by either: (i) the Participant; or (ii) another individual who has been authorized in writing by the Participant to complete the . . . form on such participant's behalf." (ECF No. 1 ¶ 25.)

Relevant to the instant dispute, the Plan provides the Committee with complete discretion to decide questions regarding the operation of the Plan:

> With respect to the powers and duties of the Committee under this Plan, the Committee shall, to the maximum extent permitted by law, have complete discretion and to the maximum extent permitted by law, its decisions shall be binding, final, and conclusive upon all parties. In this connection, the Committee shall have the power to decide any question which may arise as to the operation of the Plan (including without limitation the power to find facts), as to Employee and Participant coverage, as to eligibility for benefits under the Plan, and as to any matter whatsoever which may arise in connection with this Plan. The Committee, however, shall exercise its discretion in a nondiscriminatory manner and in a manner consistent with the terms of the Plan and with applicable law.

(Ex. 1 § 11.10, ECF No. ECF No. 24-2.)

### III.   Events Underlying Instant Action

As noted *supra*, Anita Lightning retired from FINRA on December 31, 2018. (Ex. 2 ¶ 21, ECF No. 24-3.) At the time of her retirement, she had a fully vested interest in her retirement benefits and was less than 65 years old. (*Id.* ¶¶ 23–24; Ex. 10, ECF No. 24-11.) Shortly after her retirement, Anita Lightning contacted the FINRA Pension Center—which was established by the Committee to provide administrative support for the Plan and its Participants, (ECF No. 1 ¶ 26)—and indicated that she wanted to defer the start of her retirement benefits. (*Id.* ¶ 30.)

Sometime in February 2019, the FINRA Pension Center received a Beneficiary Designation form signed by Anita Lightning and dated February 10, 2019. (Ex. 3, ECF No.

5

24-4; Ex. 10, ECF No. 24-11.)  The 2019 Beneficiary Designation form designated her siblings—Interpleader-Defendants Napoleon Roosevelt Lightning, Tyrene Huff, and Lenora Frazier—as Primary Beneficiaries, with each to receive one-third; and designated Interpleader-Defendants Tanjanickia Lightning, Sherry Phillips, and Tyler Huff as contingent beneficiaries, with each to receive one-third.  (Ex. 3, ECF No. 24-4.)

Based on the Complaint for Interpleader, it appears that in November 2021, Anita Lightning called the FINRA Pension Center and requested paperwork to begin receiving her retirement benefits.  (ECF No. 1 ¶ 33.)  On February 2, 2022, Anita Lightning called the FINRA Pension Center and indicated that she had changed her mind and wished to continue deferring those benefits.  (*Id.*; *see also* Ex. 10, ECF No. 24-11.)  On February 3, 2022, Anita Lightning again contacted the FINRA Pension Center and indicated that she wanted to designate beneficiaries, and the representative with whom she spoke advised her of her current beneficiaries from the 2019 Beneficiary Designation form.  (ECF No. 1 ¶ 34; *see also* Ex. 10, ECF No. 24-11.)  In response, Anita Lightning stated she would like to make changes and requested a new Beneficiary Designation form, which was subsequently provided.  (ECF No. 1 ¶ 34; *see also* Ex. 10, ECF No. 24-11.)  On May 20, 2022, she requested another Beneficiary Designation form, which was subsequently provided.  (ECF No. 1 ¶ 35.)

Sometime in June 2022, the FINRA Pension Center received a Beneficiary Designation form signed "Anita L." and dated June 6, 2022.  (Ex. 5, ECF No. 24-6; Ex. 10, ECF No. 24-11.)  The 2022 Beneficiary Designation form designates each of the ten Interpleader-Defendants as primary beneficiaries, with each to receive one-tenth.  (Ex. 5, ECF No. 24-6.)

Anita Lightning passed away on September 10, 2022. (Ex. 2 ¶ 33, ECF No. 24-3.) Because she had not received any portion of her retirement benefits from the Plan, her beneficiaries were entitled to Death Benefits under the Plan.

On September 14, 2022, Tanjanickia Lightning contacted the FINRA Pension Center. (Ex. 2 ¶ 34, ECF No. 24-3; Ex. 10, ECF No. 24-11.) During that call, Tanjanickia Lightning confirmed that Anita Lightning "did not personally sign" the 2022 Beneficiary Designation form, but rather Tanjanickia had signed the form on her behalf. (Ex. 2 ¶¶ 35–36, ECF No. 24-3; *see also* Ex. 10, ECF No. 24-11.)

Accordingly, in a letter addressed to Tanjanickia Lightning dated November 30, 2022, the FINRA Pension Center advised the Nieces and Nephews that they were not eligible for any distribution of the Death Benefits. (Ex. 6, ECF No. 24-7.) The letter explained that: "The survivor benefits payable from the FINRA Employees Retirement Plan will be distributed to the beneficiaries named on the most recent, valid Pre-Retirement Beneficiary Designation form signed on February 10, 2019." (*Id.*)

On January 11, 2023, Tanjanickia Lightning sent a facsimile to the FINRA Pension Center requesting reconsideration. (Ex. 7, ECF No. 24-8.) Therein, Tanjanickia Lightning again admitted that she had signed the 2022 Beneficiary Designation form but asserted that she did so pursuant to Anita Lightning's instruction. (*Id.*) The letter further provided statements from Sherry Phillips, Paige Phillips, Jacqueline D. Yarbough, and X'Zavier Lightning, who corroborated Tanjanickia Lightning's claim that Anita Lightning asked Tanjanickia Lightning to sign the 2022 Beneficiary Designation form on her behalf. (*Id.*)

Meanwhile, based on the Complaint for Interpleader, on January 13, 2023, the Siblings timely returned completed commencement election forms to receive their one-third share of the Death Benefits pursuant to the 2019 Beneficiary Designation form. (ECF No. 1 ¶¶ 44–45.) The actuarial value of the Death Benefits as of December 1, 2022, is $698.410.20, though the beneficiaries are also entitled to interest from that date. (*Id.*)

On March 29, 2023, in a letter addressed to Tanjanickia Lightning from the FINRA Director of Benefits Tony Cavallaro, her January 2023 claim for a portion of the Death Benefits was denied under the Plan's ERISA claims administration procedures. (Ex. 8, ECF No. 24-9.) The letter explained:

> Concerning the 2022 Beneficiary Designation Form, you have explained that you signed such Form under explicit verbal authority and direction by Ms. Lightning, and you have provided several corroborating witnesses to this fact. Unfortunately, however, the Plan's Beneficiary Designation Form instructions explicitly provide that it is the Plan participant who must sign the Form. Moreover, the Plan's historic operations and practices have been to require participant signatures on required forms, subject to written delegation of such authority by the participant, such as through a bona fide power of attorney that would apply to Plan benefits. Legally, while an individual's authority for matters such as beneficiary designation can be delegated to another individual through a written instrument, such as a durable power of attorney for financial matters, we have not received any evidence that Ms. Lightning delegated to you, through a written instrument, power of attorney or otherwise, the authority to act and sign for her with respect to her Plan benefits.

(*Id.*)

And so, on May 25, 2023, under the Plan's ERISA claims administration procedures, Tanjanickia Lightning filed an appeal of the denial of benefits to the Interpleader-Plaintiff on behalf of the Nieces and Nephews. (Ex. 9, ECF No. 24-10; Ex. 2 ¶¶ 45–46, ECF No. 24-3.) That appeal was denied pursuant to the Plan's ERISA claims administration procedures by a letter addressed to Tanjanickia Lightning and the other Nieces and Nephews dated

8

July 28, 2023. (Ex. 10, ECF No. 24-11.) Therein, exercising its "sole and absolute discretion and authority to construe and interpret the Plan's terms and to determine all questions concerning benefit entitlements," the Committee determined:

- That the 2022 Beneficiary Designation Form is not a valid, effective, or governing instrument under the Plan because there is no evidence that it was signed pursuant to a written delegation of authority executed by Ms. Lightning, in accordance with the terms of the Plan and the Plan's reasonable and uniform administrative procedures;

- That the 2019 Beneficiary Designation Form was validly executed, in accordance with the terms of the Plan and the Plan's reasonable and uniform administrative procedures;

- That the 2019 Beneficiary Designation Form was not superseded by the 2022 Beneficiary Designation Form or otherwise, and thus remains the valid, effective, and governing instrument under the Plan for the distribution of Ms. Lightning's death benefits under the Plan, in accordance with the terms of the Plan, the Plan's reasonable and uniform administrative procedures and applicable law; and

- That the benefits payable under the Plan as a result of Ms. Lightning's death should be paid in accordance with the terms of the Plan, and with the 2019 Beneficiary Designation Form, as follows:
    - One-third (33.33%) to Tyrene Huff;
    - One-third (33.33%) to Lenora B. Frazier; and
    - One-third (33.33%) to Napoleon R. Lightning.

(*Id.*) In an email to Tony Cavallaro dated July 29, 2023, Tanjanickia Lightning indicated that the Nieces and Nephews intended to continue their contest of the Committee's denial, stating "the [a]ffected beneficiaries and I are prepared to move forward with the civil case." (Ex. 11, ECF No. 24-12; Ex. 2 ¶ 48, ECF No. 24-3.)

## IV. Procedural History

On August 25, 2023, Interpleader-Plaintiff FINRA Pension 401(k)/Plan Committee initiated this lawsuit, filing a Complaint for Interpleader (ECF No. 1) against

9

Interpleader-Defendants Napoleon Roosevelt Lightning, Tyrene Huff, Lenora Frazier, Tanjanickia Lightning, Sherry Phillips, Tyler Huff, Paige Phillips, X'Zavier Lightning, Napoleon Lloyd Lightning, and Sidney Lightning, "for the purpose of adjudicating the manner in which certain retirement plan benefits should be distributed following the death of former FINRA employee Anita Lightning." The Siblings filed their Answer on October 19, 2023, (ECF No. 7), with the Nieces and Nephews filing their Answer on November 20, 2023. (ECF No. 14.)

Discovery in this matter is now closed, (ECF No. 22), and presently pending is the Siblings' Motion for Summary Judgment (ECF No. 24). That motion was supplemented by the Siblings (ECF No. 27), and remains unopposed by the Nieces and Nephews.

## STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is material if it 'might affect the outcome of the suit under the governing law.'" *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A genuine dispute over a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

## ANALYSIS

Through their Motion for Summary Judgment (ECF No. 24), Napoleon Roosevelt Lightning, Tyrene Huff, and Lenora Frazier requests summary judgment finding them entitled

to recover benefits under the Plan.  Even where, as here, a motion for summary judgment is unopposed, the Court "must review the motion . . . and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law." *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 409 n.8 (4th Cir. 2010) (emphasis omitted) (quoting *Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir. 1993)).  "Although the failure of a party to respond to a summary judgment motion may leave uncontroverted those facts established by the motion, the moving party must still show that the uncontroverted facts entitle the party to 'a judgment as a matter of law.'" *Custer*, 12 F.3d at 416.

This case asks this Court to assess whether the Interpleader-Plaintiff—an ERISA plan administrator—properly denied benefits to the Nieces and Nephews.  In *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989), the Supreme Court of the United States held that "a denial of benefits challenged under [29 U.S.C.] § 1132(a)(1)(B) is to be reviewed under a de novo standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan."  If a court finds that the plan administrator was vested with discretionary authority to make eligibility determinations, the reviewing court then evaluates the plan administrator's decision for abuse of discretion. *Williams v. Metro. Life Ins. Co.*, 609 F.3d 622, 629-30 (4th Cir. 2010).  Because the Plan provides the Committee with discretion to decide questions regarding the operation of the Plan, (Ex. 1 § 11.10, ECF No. ECF No. 24-2), the Siblings argue that this Court should evaluate the Interpleader-Plaintiff's decision under an abuse of discretion standard.  The Court finds it prudent to note that its determination would be the same under either standard.

11

At bottom, the Interpleader-Plaintiff properly denied benefits to the Nieces and Nephews. The Plan provides that if "a [formerly employed vested] Participant should die prior to the commencement of [her] retirement benefits, the Beneficiary of such a Participant shall receive benefits (in the form provided under Section 6.02) equal to one hundred percent (100%) of the Actuarial Equivalent of the deceased Participant's monthly retirement benefit determined as of the date of [her] death." (Ex. 1 § 6.01, ECF No. 24-2.) As relevant to the instant dispute, the Plan explains that such Death Benefits are paid to the Beneficiaries whom the Participant designates on the "form and medium prescribed by the Committee." (*Id.* § 1.06.) The top of the Beneficiary Designation form states:

> Use this form to designate your beneficiary(ies) for the FINRA Employees Retirement Plan. Any benefit payable will be split equally among the beneficiaries listed. Once you make your beneficiary designation, you must sign and date this form in the Participant Signature section. . . .

(Ex. 3, ECF No. 24-4; Ex. 5, ECF No. 24-6.) Above the signature block, the form states:

> My signature below certifies that:
>
> - I have elected the beneficiary designation(s) specified on this form for the Preretirement Survivor Annuity under the FINRA Employees Retirement Plan.
>
> - I understand I have a right to designate a beneficiary other than my spouse, if applicable, and my spouse has the right to consent or not to such designation.
>
> - I understand I may redesignate my spouse, if applicable, as my beneficiary or with my spouse's consent, change my beneficiary.

(Ex. 3, ECF No. 24-4; Ex. 5, ECF No. 24-6.) In its Complaint for Interpleader, the Interpleader-Plaintiff explains: "[c]onsistent with the language on the Beneficiary Designation form, the Committee had adopted an administrative procedure requiring all Beneficiary

12

Designation forms be signed by either: (i) the Participant; or (ii) another individual who has been authorized in writing by the Participant to complete the . . . form on such participant's behalf." (ECF No. 1 ¶ 25.)

On several occasions, Tanjanickia Lightning has confirmed that she signed the 2022 Beneficiary Designation form—not Anita Lightning. While Tanjanickia Lightning maintains that she signed the form with her aunt's verbal blessing, that simply does not conform with the Committee's requirements. As Cavallaro's letter addressed to Tanjanickia Lightning aptly explained:

> Concerning the 2022 Beneficiary Designation Form, you have explained that you signed such Form under explicit verbal authority and direction by Ms. Lightning, and you have provided several corroborating witnesses to this fact. Unfortunately, however, the Plan's Beneficiary Designation Form instructions explicitly provide that it is the Plan participant who must sign the Form. Moreover, the Plan's historic operations and practices have been to require participant signatures on required forms, subject to written delegation of such authority by the participant, such as through a bona fide power of attorney that would apply to Plan benefits. Legally, while an individual's authority for matters such as beneficiary designation can be delegated to another individual through a written instrument, such as a durable power of attorney for financial matters, we have not received any evidence that Ms. Lightning delegated to you, through a written instrument, power of attorney or otherwise, the authority to act and sign for her with respect to her Plan benefits.

(Ex. 8, ECF No. 24-9.)

Anita Lighting passed away in September 2022, and this action for interpleader to resolve her relatives' dispute over death benefits was filed over a year and a half ago. To date, the Nieces and Nephews have failed to produce any evidence substantiating their claim. They cannot continue to delay disbursement to the beneficiaries under the 2019 Beneficiary Designation form. Given the evidence of record, this Court finds that there are no genuine issues of material fact and the Interpleader-Defendants Napoleon Roosevelt Lightning,

Tyrene Huff, and Lenora Frazier are entitled to judgment as a matter of law. Accordingly, the Siblings' Motion for Summary Judgment (ECF No. 24) as supplemented (ECF No. 27) is GRANTED.

## CONCLUSION

For the reasons stated above, the Siblings' Motion for Summary Judgment (ECF No. 24) as supplemented (ECF No. 27) is GRANTED.

A separate Order follows.

Date: February 24, 2025                              /s/
                                                     Richard D. Bennett
                                                     United States Senior District Judge