IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| FINRA PENSION / 401(k) PLAN COMM., )<br>)<br>*Interpleader Plaintiff,* )_<br>)<br>v. )<br>)<br>NAPOLEON ROOSEVELT LIGHTNING, )<br>TYRENE HUFF, LENORA FRAZIER, )<br>TANJANICKA LIGHTNING, SHERRY )<br>PHILLIPS, TYLER HUFF, PAIGE )<br>PHILLIPS, X"ZAVIER LIGHTNING, )<br>NAPOLEON LLOYD LIGHTNING, )<br>and SIDNEY LIGHTNING, )<br>)<br>*Interpleader Defendants.* ) | Civil Action No. RDB-23-2336 |

**MOTION REQUESTING RECONSIDERATION OF ORDER ENTERED 2/24/25**

The parties, Tanjanickia Lightning (hereinafter referred to as Tanja Lightning), X'Zavier Lightning, Paige Phillips, Sherry Phillips, Napoleon Lightning, and Sidney Lightning, by and through their undersigned coun-sel, respectfully request reconsideration of the Order entered February 24, 2025:

A.  Procedural Background

1. The *FINRA Pension/401(k) Plan Committee*, hereinafter referred to as FINRA, on August 25, 2023 filed an interpleader action in this Court, seeking a resolution of the claims by two sets of relatives to the pension monies belonging to the then-deceased Anita Lightning, a FINRA retiree. During this phase FINRA, through its attorneys, transmitted to the two attorneys a panoply of relevant FINRA records.

2. One set of parties, consisting of Napoleon Roosevelt Lightning, Tyrene

Huff, and Lenora Frazier, are siblings of the decedent's. The other set of parties, consisting of Tanja Lightning, X'Zavier Lightning, Paige Phillips, Sherry Phillips, Napoleon Lightning, and Sidney Lightning, are nieces and nephews of the decedent's.

3. The Court, on February 24, 2025 issued a Memorandum Opinion and Order, ruling in favor of the decedent's siblings. The Court made clear, on page 11 of its Memorandum Opinion, that it was incumbent upon the Court to be satisfied that there are uncontroverted facts warranting judgment as a matter of law.

B. The Salient Facts

1. As set forth in extensive records compiled by FINRA –

● Anita Lightning retired from employment with FINRA of December 31, 2018.

● FINRA's records reflect numerous calls by Anita Lightning to FINRA after her retirement, including several (a) where she expressed her wish to designate her nieces and nephews as beneficiaries of her pension monies and (b) where she requested Designation of Beneficiary forms.

● Anita was, in June 2022, living in a health facility and was of sound mind, but was unable physically to sign documents.

● On June 6, 2022 a Designation of Beneficiary Form was signed by Tanja on behalf of, and at the direction of, her aunt Anita. The form directed that Anita's pension funds be dispensed, on her death, in one-tenth portions to her three siblings and seven nieces and nephews..

● FINRA's logs reflect, upon receipt of the form, its characterizing the signature as unacceptable.

● Anita died on September 10, 2022.

● Not until November 2022, however, did FINRA and its attorneys arrive at a formal determination that the signature was unacceptable, and Anita's Designation of Beneficiary would not be given effect, and not until then were Tanja and Anita's other nieces and nephews informed of this determination.

● FINRA has a duty to effectuate a retiree's Designation of Beneficiaries.

● Had FINRA notified Anita, upon its receipt of her June 6, 2022 Designation of Beneficiary Form, signed, on her behalf and at her request, by her niece Tanja, in consequence of her inability to sign, alternatives could, at least, have been discussed, for example, the document being signed by a notary on Anita's behalf, with the entirety of the process captured by video.

● Were FINRA to decide at that time that there could be, even under the circumstances, nothing acceptable other than Anita's signature, a physical impossibility, this would, it is respectfully submitted, constitute an arbitrary and capricious action, contrary to FINRA's duty to effectuate a retiree's Designation of Beneficiaries, a determination that would, as well, have been able to have been addressed while Anita was still living.

WHEREFORE, for these and such other reasons as may appear to the Court, it is requested that the Court, in the interests of justice, reconsider its Order entered February 24, 2025.

Respectfully submitted,

*Carl V. Angelis*
_____
Carl V. Angelis
Bar # 03530
4601 Grant Street, NE
Washington, DC 20019-4741
(202) 328-9533
cangellis00@gmail.com

Counsel for Defendants Tanja Lighhning, X'Zaivier Lightning, Paige Phillips, Sherry Phillips, Napoleon Lightning, and Sidney Lightning

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing Motion was this 10th day of March, 2025 served electronically through PACER on Edward Lee Isler, Esquire and Micah E. Ticatch, Esquire, attorneys for the Interpleader/Plaintiff, and Eugene W. Policastri, Esquire and Jesse D. Stein, Esquire, attorneys for the Defendants Napoleon Roosevelt Lightning, Tyrene Hugg, and Leonora Frazier.

*Carl V. Angelis*
Carl V. Angelis