IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| FINRA PENSION/401(k) PLAN COMM., | * | |
| *Interpleader-Plaintiff*, | * | |
| v. | * | Civil Action No. RDB-23-2336 |
| NAPLEON ROOSEVELT LIGHTNING, TYRENE HUFF, LENORA FRAZIER, TANJANICKIA LIGHTNING, SHERRY PHILLIPS, TYLER HUFF, PAIGE PHILLIPS, X'ZAVIER LIGHTNING, NAPOLEON LLOYD LIGHTNING, and SIDNEY LIGHNING, | * * * * | |
| *Interpleader-Defendants*. | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM ORDER

Presently pending in the above-captioned case is a "Motion Requesting Reconsideration of Order Entered 2/24/25" (ECF No. 30) filed by the following Interpleader-Defendants Tanjanickia Lightning, X'Zavier Lightning, Paige Phillips, Sherry Phillips, Napoleon Lloyd Lightning, and Sidney Lightning (collectively, the "Movants"). While no response has been filed to that motion, no response is necessary. The Court has reviewed the Movant's submission and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2023). For the reasons that follow, the Movant's "Motion Requesting Reconsideration of Order Entered 2/24/25" (ECF No. 30) is DENIED.

## BACKGROUND

In its Memorandum Opinion dated February 24, 2025, the Court detailed the factual and procedural background of this case. (ECF No. 58 at 2–10.) In brief, this action for

interpleader was initiated on August 25, 2023 by Interpleader-Plaintiff FINRA Pension 401(k)/Plan Committee ("Interpleader-Plaintiff" or the "Committee") against Interpleader-Defendants Napoleon Roosevelt Lightning, Tyrene Huff, Lenora Frazier, Tanjanickia Lightning, Sherry Phillips, Tyler Huff, Paige Phillips, X'Zavier Lightning, Napoleon Lloyd Lightning, and Sidney Lightning, "for the purpose of adjudicating the manner in which certain retirement plan benefits should be distributed following the death of former FINRA employee Anita Lightning" (the "Deceased"). (ECF No. 1.) This action for interpleader follows a dispute between Deceased's siblings—Interpleader Defendants Napoleon Roosevelt Lightning, Tyrene Huff, and Lenora Frazier (collectively, the "Siblings")—and her nieces and nephews—Interpleader Defendants Tanjanickia Lightning, Sherry Phillips, Tyler Huff, Paige Phillips, X'Zavier Lightning, Napoleon Lloyd Lightning, and Sidney Lightning (collectively, the "Nieces and Nephews")—following her death on September 10, 2022, over the distribution of certain Plan benefits. (Id. ¶ 33.)

Following the close of discovery in this matter, (ECF No. 22), the Siblings moved for summary judgment (ECF No. 24). While the Movants did not respond to that motion for summary judgment, after the Court filed its Memorandum Opinion and Order dated February 24, 2025 (ECF Nos. 58, 59), the Movants filed the instant "Motion Requesting Reconsideration of Order Entered 2/24/25" (ECF No. 30).

**STANDARD OF REVIEW**

The Federal Rules of Civil Procedure do not expressly recognize motions for "reconsideration." Rather, if the motion was filed within 28 days of the judgment, it is analyzed as a motion to alter, amend, or vacate a prior judgment under Rule 59(e). *See* FED.

R. CIV. P. 59(e); *see also MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 280 (4th Cir. 2008); *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471 n.4 (4th Cir. 2011), *cert. denied*, 132 S. Ct. 115 (2011).  Here, the Movants submitted their Motion on March 10, 2025, just fourteen days after this Court entered its Memorandum Opinion and Order.  (ECF No. 58, 59.)  Accordingly, the Movant's Motion was timely under Rule 59(e).  The United States Court of Appeals for the Fourth Circuit has repeatedly recognized that a final judgment may be amended under Rule 59(e) in only three circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.  *See, e.g.*, *Gagliano v. Reliance Standard Life Ins. Co.*, 547 F.3d 230, 241 n.8 (4th Cir. 2008).

## ANALYSIS

Through the pending Motion, Movants Tanjanickia Lightning, X'Zavier Lightning, Paige Phillips, Sherry Phillips, Napoleon Lloyd Lightning, and Sidney Lightning "respectfully request reconsideration of the Order entered February 24, 2025."  (ECF No. 30 at 1.)  Their four-page Motion contends that summary judgment was improper, asserting that FINRA should have notified Anita that the 2022 Beneficiary Designation form failed to conform with the Interpleader-Plaintiff's requirements so that "alternatives could, at least, have been discussed."  (*Id.* at 3.)  The Movants then claim:

> Were FINRA to decide at that time that there could be, even under the circumstances, nothing acceptable other than Anita's signature, a physical impossibility, this would, it is respectfully submitted, constitute an arbitrary and capricious action, contrary to FINRA's duty to effectuate a retiree's Designation of Beneficiaries, a determination that would, as well, have been able to have been addressed while Anita was still living.

(*Id.* at 3.)

3

The Movants fail to identify what rule or standard for reconsideration grounds their motion, though as noted above, the Court construes the motion under Federal Rule of Civil Procedure 59(e), which allows amendment of a final judgment in only three circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *Gagliano*, 547 F.3d at 241 n.8. Movants fail to conduct any analysis as to how this too little, too late, retrospective criticism of FINRA's actions (or rather, inactions) satisfy the high bar required for reconsideration. Simply stated, such postulations have no influence on this Court's prior decision that the Interpleader-Plaintiff properly denied benefits to the Nieces and Nephews. Accordingly, the Movant's "Motion Requesting Reconsideration of Order Entered 2/24/25 (ECF No. 30) is DENIED.

## CONCLUSION

For the reasons stated above, it is HEREBY ORDERED this 13th day of March, 2025, that the "Motion Requesting Reconsideration of Order Entered 2/24/25" (ECF No. 30) is DENIED.

/s/
Richard D. Bennett
United States Senior District Judge